**IN THE COURT OF APPEALS OF IOWA**

No. 14-1982
Filed April 6, 2016

**PATRICK NEILL MORENO,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Patrick Moreno appeals the dismissal of his postconviction application, claiming he received ineffective assistance from postconviction counsel. **AFFIRMED.**

D. Raymond Walton of Beecher Law Offices, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Patrick Moreno was the defendant in a number of criminal proceedings involving intoxication. In the first—which he labels the "front yard case"—the State charged Moreno with operating a motor vehicle while intoxicated (second offense) and public intoxication (second offense). In the second—which he calls the "on-ramp case"—the State charged him with operating a motor vehicle while intoxicated (third offense), driving with a barred license, and driving with a revoked license. Moreno entered an *Alford* plea[1] in the "on-ramp case," in exchange for dismissal of the "front yard case."

Meanwhile, the State initiated a third criminal action, charging Moreno with operating a motor vehicle while intoxicated (third offense), driving with a barred license as a habitual offender, and driving with a denied or revoked license. Moreno's attorney filed a motion to suppress evidence, which was denied. The district court held a nonjury trial on the minutes of testimony and found Moreno guilty. This court affirmed the suppression ruling. *See State v. Moreno*, No. 13-1053, 2014 WL 2600282, at *2 (Iowa Ct. App. June 11, 2014).

Moreno filed a postconviction-relief application alleging:

> [The on-ramp case] was up for trial and petitioner thought there was to be two separate trials. Petitioner was not ready for trial in [the on-ramp case] but was ready to go to trial in [the front yard] case. Petitioner was assured that he would eventually go to trial in [the on-ramp case] but was told by counsel to plead instead.

He also alleged his attorney in the third criminal proceeding was "ineffective . . . because the arresting officer did not have probable cause and counsel did not file

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970). An *Alford* plea allows a defendant to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence" without admitting "participation in the acts constituting the offense."

a motion to suppress evidence." As noted, counsel did file a suppression motion in the third proceeding.

The State moved to dismiss the postconviction-relief application. The district court granted the motion.

On appeal, Moreno contends his postconviction attorney was ineffective in (1) "failing to amend for a third time his Petition to claim that his plea was involuntary and to make a record of what transpired at the time of [his] plea . . . and argue the effectiveness of [his] original trial counsel in advising him to plead guilty to that charge" and (2) "failing to argue . . . that both [his] original trial counsel and appellate counsel were ineffective in arguing [the motion to suppress.]" He must show the breach of an essential duty and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

## I.	Plea – First Two Proceedings

Moreno explicates his first ineffective-assistance-of counsel claim as follows:

> [H]e should have been able to go to trial on the case he was prepared to try, the front yard case, which he feels certain he would have won rather than the on-ramp case which he was not prepared to try on that day. This would have left him with only the on-ramp case to dispose of by itself which would have placed him in a better position to negotiate a plea deal better than he received.

Moreno does not allege or argue that his attorney provided incompetent advice with respect to his plea in the on-ramp case or that the outcome would have been different with competent advice. This is a predicate to a finding of

*Strickland* prejudice in the plea bargaining process. *Id.* at 869; *see also Nance v. State*, No. 10-0810, 2011 WL 2556798, at *2 (Iowa Ct. App. June 29, 2011). ("[Applicant] . . . claims postconviction counsel was ineffective in not calling his criminal trial counsel to testify at the postconviction relief hearing about what the attorney told [him] during the plea negotiations yet [he] does not show what he contends the attorney would have said had the attorney been called."). In addition, Moreno offers nothing more than bare speculation that plea negotiations in the on-ramp case would have resulted in a better outcome than he received— dismissal of the front yard case—had he first gone to trial and won the front yard case. Finally, his suggestion of coercion in the plea process is contradicted by his admission that the plea was not the result of threats or promises. Having failed to establish *Strickland* prejudice, Moreno cannot prevail on his first ineffective-assistance-of-counsel claim.

## II. Suppression Ruling – Third Proceeding

Moreno's second claim is equally unavailing. As noted, his attorney filed a motion to suppress evidence in the third proceeding. The motion was premised on the validity of the officer's stop for a windshield-wiper violation. The district court denied the motion, and this court affirmed the court's denial.

Now, Moreno asserts trial and appellate counsel failed to "effectively argue" the suppression motion and postconviction counsel should have raised their ineffectiveness. He suggests counsel should have questioned the officer's stop based on the officer's distance from his vehicle and his inability to see the windshield-wiper violation through the frosted rear window. He also suggests counsel should have referred to a dashboard camera video of the stop.

Moreno's trial attorney raised these precise concerns at the suppression hearing. Her cross-examination and re-cross-examination of the officer was pertinent and thorough. Because trial counsel did what Moreno now claims she should have done, postconviction counsel breached no essential duty in failing to raise the issue, and this ineffective-assistance-of-counsel claim also fails.

We affirm the district court's dismissal of the postconviction-relief application.

**AFFIRMED.**